NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES NAHUN CASTELLANO DE AVILA, <br><br> Petitioner, <br><br> v. <br><br> LUIS SOTO, *et al.*, <br><br> Respondents. | Civil Action No. 26-7386 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the habeas petition (ECF No. 1) and motion seeking a temporary restraining order (ECF No. 2) filed by Petitioner James Nahun Castellano De Avila ("Petitioner") pursuant to 28 U.S.C. § 2241. Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied (ECF No. 7). For the following reasons, Petitioner's habeas petition is granted, and the Government shall provide Petitioner with a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within ten days.

By way of background, Petitioner is a native and citizen of Colombia. (ECF No. 6-1 at 1.) On November 28, 2022, Petitioner was caught by U.S. Border Patrol while in the process of attempting to enter the United States without admission or inspection. (ECF No. 6-2 at 2.) Petitioner was taken into custody pending removal proceedings, but was ultimately released from custody under an alternative to detention program on December 1, 2022. (*Id.* at 3.) Petitioner thereafter was granted temporary protected status, but that status was terminated by the Government in November 2025. (*Id.*) On June 18, 2026, Petitioner was arrested by immigration

officials during a targeted enforcement operation, and has been held without bond in Delaney Hall since that time pursuant to the Government's current interpretation of 8 U.S.C. § 1225(b)(2). (*See* ECF No. 6 at 2.)

Since the Government's adoption of its current interpretation of § 1225(b)(2), the courts in this district have unanimously found that the plain text of that statute does not apply to aliens who were taken into immigration custody years after entering and remaining in the United States without inspection. *See, e.g., Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447 (D.N.J. Nov. 21, 2025); *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397, 408 (D.N.J. 2025) (collecting cases). As this Court explained in *Aguilar Ramos*, the Government instead has authority to detain such aliens, including Petitioner, only pursuant to 8 U.S.C. § 1226(a), under which detainees are entitled to a bond hearing in which they can secure release by showing by a preponderance of the evidence that they are neither a danger nor a flight risk. *Aguilar Ramos*, 2025 WL 3251447, at *1. As the Government recognizes in its answer in this matter that this matter is essentially indistinguishable from cases such as *Aguilar Ramos*, (*see* ECF No. 6 at 2-3), and as aliens such as Petitioner who enter and remain in this country without admission or parole for a considerable time before being taken into immigration custody are not subject to detention under § 1225(b)(2), the Court finds that Petitioner's detention arises under § 1226(a) and that he is entitled to a bond hearing in accordance with the statute. *Aguilar Ramos*, 2025 WL 3251447, at *1. Petitioner's habeas petition shall therefore be granted, and the Government shall provide Petitioner with a bond hearing before an immigration judge within ten days. *Id.*

In conclusion, for the reasons expressed above, Petitioner's habeas petition is **GRANTED** and the Government shall provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within ten days. Because

Petitioner's habeas petition shall be granted, Petitioner's motion seeking a temporary restraining order (ECF No. 2) is **DENIED WITHOUT PREJUDICE** as moot.  An appropriate order follows.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 7/17/26